UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CORDERO BARREIRO, individually
and as administratrix of the Estate of Nathaly
Cordero Barreiro,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER OF DISMISSAL WITH PREJUDICE**

19 Civ. 10676 (OTW)

    **WHEREAS,** on or about March 30, 2022, plaintiff Ana Cordero Barreiro, individually and as administratrix of the estate of Nathaly Cordero Barreiro ("Plaintiff"), and defendant United States of America (the "United States") entered into an agreement to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action;

    **WHEREAS,** the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Claims (the "Stipulation"), attached hereto as Exhibit A;

    **WHEREAS,** Plaintiff and the United States (together, the "Parties") entered into the Stipulation for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation;

    **WHEREAS,** the Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and the United States specifically denies that it is liable to Plaintiff;

    **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Parties

bear their own costs, expenses, and fees.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, following its entry of this Dismissal Order, the Court will not retain jurisdiction over the action against the United States or the Stipulation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned action is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: New York, New York
25 April 2022

_____
Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANA CORDERO BARREIRO, individually and as administratrix of the Estate of Nathaly Cordero Barreiro,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

19 Civ. 10676 (OTW)

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS

It is hereby stipulated by and between the plaintiff Ana Cordero Barreiro, individually, and as administratrix of the estate of Nathaly Cordero Barreiro, and defendant United States of America (the "United States," and collectively with Plaintiff, the "Parties"), by and through their respective attorneys, as follows:

1. The Parties to this Stipulation For Compromise Settlement and Release of Claims (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action (the "Action") under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      The Action is hereby settled for a total amount of Fifty-Eight Thousand Dollars ($58,000.00) (the "Settlement Amount").

4.      Within ten business days after the attorneys of record for the United States receive (i) this Stipulation signed by the Plaintiff and Plaintiff's counsel; (ii) a Compromise Order approving the settlement on behalf of the estate of Nathaly Cordero Barreiro; (iii) a completed Payment Information Form from the Department of Health and Human Services (identifying name of bank, address of bank, city, state, and zip code of bank, routing number, account name, account number, and type of account); and (iv) a Dismissal Order, as specified in paragraph 6.e, dismissing this Action with prejudice; counsel for the United States will send a request to the appropriate agency official or component requesting that the Settlement Amount be sent by electronic fund transfer payable to The Pagan Law Firm, P.C., attorneys for Plaintiff ("Pagan Law"). Pagan Law shall distribute the Settlement Amount to Plaintiff as directed in the Compromise Order entered by this Court and after all liens have been satisfied or resolved, as specified in paragraph 6.c.

5.      In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, the Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns hereby agree to:

      a.      Accept the terms and conditions of this settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiff or Plaintiff's heirs, executors,

administrators, or assigns may have or hereafter acquire against the United States on account of the same subject matter that gave rise to the above-captioned action.

      b.    Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

   6.   This compromise settlement is specifically subject to each of the following conditions:

      a.    The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any terms, conditions, or requirement renders the entire Stipulation and the compromise settlement null and void.

      b.    Plaintiff must obtain, at Plaintiff's expense, a compromise order ("Compromise Order") by a court of competent jurisdiction approving the settlement on behalf of the estate of Nathaly Cordero Barreiro. The terms of any such Compromise Order must be approved by the United States prior to the Compromise Order being submitted to any reviewing Court and the Compromise Order signed by such Court cannot be changed by the Court or Plaintiff without the prior written consent of the United States. Plaintiff agrees to obtain such

Compromise Order in a timely manner. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such a Compromise Order or any such order she obtains fails to comply with the terms and conditions of this paragraph, the entire Stipulation and the compromise settlement are null and void.

        c.       Plaintiff stipulates and agrees that Plaintiff is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this Action. Plaintiff and Plaintiff's attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this Action. Plaintiff and Plaintiff's attorneys agree that, in the event there are any current liens or any claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to this Action, whether disputed as legally valid or not, Plaintiff shall satisfy or resolve any such lien or claim before any portion of the Settlement Amount paid pursuant to paragraph 3 herein is paid to Plaintiff. Plaintiff and Plaintiff's attorneys further agree that no later than ninety days from the date such liens or claims are paid or resolved by Plaintiff, Plaintiff will provide to the United States evidence that said liens or claims have been satisfied or resolved and that said lienholder has waived or released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing that such lien or claim has been satisfied or resolved and that the lienholder has waived or released such lien or

4

claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiff or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiff. This condition is for the benefit of the United States exclusively.

   e. Upon obtaining a Compromise Order, Plaintiff must submit, at Plaintiff's expense, to the United States District Court for the Southern District of New York (the "Court") a proposed order of dismissal (the "Dismissal Order") dismissing the above-captioned action with prejudice, with each side bearing its own costs, expenses, and fees, and with the Court not retaining jurisdiction over the settlement or the above-captioned action. The proposed Dismissal Order shall be in the form annexed hereto as Exhibit A.

   g. Payment of the Settlement Amount by the United States is subject to there being sufficient funds in the account established by Congress pursuant to 42 U.S.C. § 233(k) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1993 and 1995 to pay the Settlement Amount in its entirety.

  7. The Parties agree that any attorneys' fees owed by the Plaintiff in Plaintiff's Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount, as required by 28 U.S.C. § 2678. The Parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement, will be paid out of the Settlement Amount paid pursuant to paragraph 3, above, and not in addition thereto. The Parties also agree that any fees for legal services incurred in the district court or in any court reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid

5

pursuant to paragraph 3, above, and not in addition thereto.

8. The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

10. The Stipulation is subject to the satisfaction of all conditions set forth in the Stipulation, including but not limited to those stated in paragraph 6. If those conditions are not satisfied, this Stipulation shall be null and void, and without force or effect,

11. The Parties understand and agree that this Stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 30 day of March , 2022.

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant United States of America*

By:     *Ilan Stein*
        ILAN STEIN
        TOMOKO ONOZAWA
        Assistant United States Attorneys
        86 Chambers Street
        New York, New York 10007
        Tel.    (212) 637-2525/-2721
        Fax    (212) 637-2730
        Email: ilan.stein@usdoj.gov
                tomoko.onozawa@usdoj.gov

Executed this 14th day of MARCH, 2022.

THE PAGAN LAW FIRM, P.C.
*Attorney for the Plaintiff*

By: _____
William Pagan, Esq.
245 Fifth Ave, Suite 1002
New York, NY 10016
Telephone: (212) 967-8794
E-mail: wpagan@thepaganlawfirm.com

Executed this 14th day of MARCH, 2022

ANA CORDERO BARREIRO

By: _Ana Cordero_
Ana Cordero Barreiro, individually and as administratrix of the Estate of Nathaly Cordero Barreiro

On the 14th day of MARCH in the year 2022, before me, the undersigned, personally appeared ANA CORDERO BARREIRO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Nadalyn C_
NOTARY PUBLIC

NADALYN CAPRICE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6037929
Qualified in New York County
My Commission Expires 2/28/26

9